TIMOTHY F. McCARTHY, PROSECUTOR, v. CITY OF BAYONNE ET AL., DEFENDANTS.

Submitted January 29, 1943—Decided July 12, 1943.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *Alfred Brenner.*

For the defendants, *Collins & Corbin* (*Edward A. Markley* and *Raymond J. Lamb*).

The opinion of the court was delivered by

DONGES, J.   This writ brings up for review the action of the mayor of Bayonne in dismissing the prosecutor from his office or position of assistant city clerk of the City of Bayonne. Prosecutor was appointed as assistant city clerk by the Director of Public Affairs.   Following the reassignment of departments mentioned in *Murphy* v. *Bayonne,* 130 *N. J. L.* 336, submitted herewith, the mayor dismissed him.

Prosecutor contends that he was appointed on July 31st, 1941, for a term to end on the third Tuesday of May, 1943. He contends he was dismissed without charges being preferred, was dismissed for political reasons, and that the mayor had no authority to discharge him because the reassignment of the city clerk's office was improper.

The difficulty with the position of the prosecutor seems to be that the office he claims to have held does not appear to have been created by any formal action. There is in Bayonne a city clerk, the incumbent John F. Lee having occupied that office since 1926; and there is an office of assistant city clerk which has been occupied by George MacDonald for about twenty-two years. The further office of assistant city clerk does not seem to have any justification for its existence. Admittedly there is no ordinance creating it. Prosecutor cites *R. S.* 40:171–32 which provides: "That it shall be lawful for the board of finance or board having control of the finances of any incorporated city in this state, by and with the consent of all members of any such board, upon application of the city clerk of such incorporated city, to increase the number of clerks and assistants employed in the office of such city clerk, and to fix the salaries of the entire clerical force employed in said city clerk's office." It is argued that the conduct of the governing body in permitting the appointment of prosecutor by Commissioner Murphy and the acquiescence in the payment of his salary and the performance of work by him, amounted to action taken under this statute and ratified the employment of prosecutor. We think the statute has no application to the creation of an office for a fixed term. It applies to the employment of persons to hold positions without term. An office for a fixed term must have some foundation in an ordinance or statute creating the office and fixing the term thereof. *Margerum* v. *Princeton*, 120 *N. J. L.* 36.

We think, therefore, that the prosecutor has no standing to challenge the action of the mayor in dismissing him because he was the occupant *de facto* of an office which did not lawfully exist. The writ is dismissed, with costs.